# IN THE COURT OF APPEALS OF IOWA

No. 20-1381
Filed February 17, 2021

**IN THE INTEREST OF A.S.,**
**Minor Child,**

**M.S., Mother,**
    Appellant.
_____


Appeal from the Iowa District Court for Polk County, Brent Pattison, District
Associate Judge.


A mother appeals the termination of her parental rights to her child.
**AFFIRMED.**


Karen A. Taylor, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant
Attorney General, for appellee State.

Erin Mayfield of Youth Law Center, Des Moines, attorney and guardian ad
litem for minor child.


Considered by Doyle, P.J., Ahlers, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2021).

**CARR, Senior Judge.**

A mother appeals the termination of her parental rights to her child under Iowa Code section 232.116(1)(h) (2020). She challenges the grounds for termination and the determination that terminating parental rights is in the child's best interests. She also seeks to avoid termination based on the child's placement with a relative. We review her claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

In order to terminate parental rights under section 232.116(1)(h), clear and convincing evidence must show:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance [(CINA)] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother challenges the evidence showing the child would be exposed to adjudicatory harm if returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing"); *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (noting a child cannot be returned to the custody of the parent if doing so would expose the child to any harm amounting to a new CINA adjudication).

The juvenile court adjudicated the child to be in need of assistance due to concerns about the mother's substance use and mental health after the child

tested positive for marijuana at birth. In the two and one-half years after the child was born, the mother unsuccessfully attempted substance-abuse treatment in a residential treatment program a number of times. She was admitted to the program for a fifth time shortly before the termination hearing.

The mother argues that in the six months leading up to the termination hearing, she has showed more stability than at any point during the CINA proceedings. But the question is whether the child can be returned to the mother's care. Even taking the mother's improvement into account, her substance use continues to be a concern. After more than fifteen months of treatment, the mother only completed two of the five stages of treatment. Her mental health and parenting ability remain concerns as well. Because these issues present risks to the child's safety, the child cannot be returned to the mother's care. There is clear and convincing evidence to terminate under section 232.116(1)(h).

We then turn to the question of whether termination is in the child's best interests. *See* Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). In determining best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

We have already determined that the mother cannot safely parent the child at present, and we will not deprive the child permanency in the hope that "someday" the mother will change. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014). Section 232.116(1)(h) provides parents six months to regain custody.

Additional time is unnecessary. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987). Once the statutory period has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children." *In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989). More than two years have already passed for this child. Termination is in the child's best interests.

Finally, the mother seeks to avoid termination based on Iowa Code section 232.116(3)(a), which allows the court to decline termination if "[a] relative has legal custody of the child." This provision is permissive, not mandatory, and it depends on the facts of each case. *See A.S.*, 906 N.W.2d at 475. But if termination is appropriate, that decision "is not to be countermanded by the ability and willingness of a family relative to take the child." *Id.* (citation omitted).

We first note that the child is not in the legal custody of a relative. Although the court placed the child in the care of the maternal aunt, the DHS has legal custody of the child. And in its termination order, the juvenile court observed that the mother never raised section 232.116(3)(a) at the termination hearing. Regardless, "a guardianship is not a legally preferable alternative to termination." *Id.* at 477 (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). The DHS and guardian ad litem recommend termination. Because we agree termination is in the child's best interests, we affirm the termination of the mother's parental rights.

**AFFIRMED.**